UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JEREMY HUNT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:16-cv-00335-LJM-MJD |
| ) | |
| PUTNAMVILLE CORRECTIONAL ) | |
| FACILITY, ) | |
| PUTNAMVILLE DENTAL, ) | |
| PUTNAMVILLE MEDICAL, ) | |
| ) | |
| Defendants. ) | |

**Entry Granting Motion to Proceed *in forma pauperis*,
Discussing Complaint, and Directing Further Proceedings**

**I. Motion to Proceed *in forma pauperis***

Plaintiff's Hunt's motion to proceed *in forma pauperis* [dkt 2] is **granted**. No assessment of an initial partial filing fee is feasible at this time.

**II. Screening of the Complaint**

The complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). The purpose of this requirement is Ato give the defendant fair notice of what the claim is and the grounds upon which it rests.@ *Bell Atlantic Corp. v. Twombly,*

550 U.S. 544, 555 (2007)(citing *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *see also Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993)(noting that the main purpose of Rule 8 is rooted in fair notice: a complaint Amust be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.@) (quotation omitted)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)).

Based on the above screening, the complaint must be **dismissed.** Hunt names as defendants Putnamville Correctional Facility, Putnamville Dental, and Putnamville Medical. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). The correctional facility is not a "person" subject to suit pursuant to 42 U.S.C. § 1983. Similarly, the claims against Putnamville Dental and Putnamville Medical must be dismissed because a group of people is not a "person" subject to suit under Section 1983. Further, a defendant can only be liable for the actions or omissions in which he personally participated. *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).

### III. Opportunity to File an Amended Complaint

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, the plaintiff shall have **through October 7, 2016,** in which **to file an amended complaint.**

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury they claim to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry. The plaintiff is further notified that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

In organizing his complaint, the plaintiff may benefit from utilizing the Court's complaint form. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Entry.

If an amended complaint is filed as directed above, it will be screened. If no amended complaint is filed, this action will be dismissed for the reasons set forth above.

**IT IS SO ORDERED.**

Date: __9/7/2016__

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JEREMY HUNT
259703
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

**Note to Clerk: Processing this document requires actions in addition to docketing and distribution.**